UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10043-RWZ

JUAN H. MERCADO

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION

July 28, 2004

ZOBEL, D.J.

On April 29, 2003, petitioner Juan Mercado pled guilty to a nine count indictment: one count of conspiracy to distribute heroin; seven counts of distribution of heroin; and one count of possession of heroin with intent to distribute. He was sentenced to a term of imprisonment of 188 months. On January 8, 2004, petitioner filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, on the following grounds: (1) his attorney forced him not to appeal his sentence in violation of his Due Process rights; (2) his attorney was ineffective because he failed to challenge his status as a career criminal; (3) his attorney only made a "feeble attempt" to argue for a point reduction in violation of his Due Process rights; and (4) the Court was not lenient at his sentencing because petitioner did not appear at the hearing on time and his attorney did nothing to prevent this. In his subsequently filed affidavit, petitioner also contends that he was coerced into decisions by Attorney Melvin Norris, who was paid by the government, and that Attorney Norris "seemed to have his mind . . . on other thoughts" and not his

defense. (Pet'r Aff. at ¶ 9).

Petitioner's complaints coalesce into a claim of ineffective assistance of counsel, which requires a showing that "(1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996). To satisfy the first prong, petitioner must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." Id. (quotation marks and citation omitted.). Furthermore, there is a strong presumption that counsel acted effectively. Id.

The government correctly observes that petitioner provides absolutely no facts supporting his contention that his attorney forced him into decisions, including the decision not to appeal his sentence. The record shows that petitioner's plea was entirely voluntary; and, at the end of the sentencing hearing, the Court informed him that he had the right to appeal from the sentence and to file a notice of appeal within ten days. (Gov.'s Mem. in Opp'n Ex. C at 17). Furthermore, the record contradicts petitioner's repeated assertions that his attorney showed little or no interest in his case. Attorney Norris filed 19 objections to the presentence report in which he argued that petitioner should not be considered a career offender (Objections 9, 10, 13) and that he is entitled to a downward departure on three grounds: (1) his substantial assistance to the government (Objections 14 and 16), (2) the totality of the circumstances of the crimes (Objection 17), and (3) the overstatement of his criminal history (Objection 19). Attorney Norris also filed a separate memorandum seeking a downward departure. At the hearing, the Court overruled his objections

2

concerning the designation of petitioner as a career criminal.  When Attorney Norris again orally argued for a downward departure, and the Court questioned the government's decision not to file a § 5K1.1 motion.  Ultimately, the Court did not depart because there was simply no principled basis for a departure.

The record is clear that Attorney Norris did challenge the petitioner's designation as a career criminal and made far more than a "feeble attempt" to argue for a downward departure.  Nothing in the record supports any allegation that Attorney Norris' performance fell below an objective standard for reasonableness.  To the contrary, his representation of petitioner was fully adequate, reasonable, and competent.  Finally, petitioner provides no support for his assertion that the Court looked upon him unfavorably because of his tardiness and sentenced him accordingly.  The sentence itself does not evidence disfavor; it was the lowest possible under the sentencing guidelines – and the very same sentence the government agreed to recommend in its plea agreement, which petitioner signed.

Accordingly, petitioner's Motion to Vacate, Set Aside, or Correct his sentence is denied.  Judgment may be entered dismissing the petition.

|  |  |
|---|---|
| 7/28/04 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |